van Gestel, J.
This matter comes before the Court on a motion by the defendants to dismiss the third cause of action in the second amended complaint. This cause of action is predicated on alleged violations of G.L.c. 93A, Secs. 2 and 11. The principal issue involved at this time is whether the acts complained of in the second amended complaint on which the third cause of action is grounded occurred primarily and substantially in Massachusetts.
For these purposes the portion of G.L.c. 93A, Sec. 11 that is pertinent reads:
No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth. For the purposes of this paragraph, the burden of proof shall be upon the person claiming that such transactions and actions did not occur primarily and substantially within the commonwealth.
The statute places the burden of proof in this case upon the defendants.
Further, a Rule 12(b)(6) motion — which is what the present motion is — admits all well-pleaded allegations of the complaint, and the Court must accept as true such inferences as may be drawn in the plaintiffs favor. Blank v. Chelmsford Ob/Gyn P.C., 420 Mass. 404, 407 (1995); Natick Auto Sales, Inc. v. Department of Procurement and General Services, 47 Mass.App.Ct. 625, 630 (1999). Of course, conclusions of law from the facts alleged are open for review on a Rule 12(b)(6) motion. The G.L.c. 93A claim in the second amended complaint here, however, is sufficient unless the defendants show beyond doubt that no provable set of facts would entitle the plaintiff to relief. Warner-Lambert Company v. Execuquest Corporation, 427 Mass. 46, 47 (1998); Harvard Law School Coalition for Civil Rights v. President & Fellows of Harvard College, 413 Mass. 66, 68 (1992). The plaintiff bears a “relatively light burden,” Warner-Lambert Co., supra, 427 Mass. at 47, and must be given the benefit of any doubts. Kipp v. Keuker, 7 Mass.App.Ct. 206, 210 (1979). These are “generous principles,” and the Court must apply them in the way they are intended. Connerty v. Metropolitan District Commission, 398 Mass. 140, 143 (1986).
On January 16, 2003, the Supreme Judicial Court addressed the issue and set forth guidance on how a Court ought to approach the determination of when, under G.L.c. 93A, Sec. 11, a matter occurs primarily and substantially in Massachusetts. Kuwaiti Danish Computer Co. v. Digital Equipment Corporation, 438 Mass. 459, 470-75 (2003) (hereafter “Kuwaiti Danish’):
We have misgivings about the utility of a formula for analyzing all cases under Sec. 11. Whether the “actions and transactions [constituting the Sec. 11 claim] occurred primarily and substantially within the commonwealth” is not a determination that can be reduced to a precise formula. Significant factors that can be identified for one case may be nonexistent in another. Any determination necessarily will be fact intensive and unique to each case. Cases in the nature of contract will be different from cases sounding in tort.
Id. at 472-73.
We conclude that the analysis required under Sec. 11 should not be based on a test identified by any particular factor or factors because of a tendency to shift the focus of inquiry away from the purpose and scope of c. 93A. Section 11 suggests an approach in which a judge should, after making findings of fact, and after considering those findings in the context of the entire Sec. 11 claim, determine whether the center of gravity of the circumstances *213 that give rise to the claim is primarily and substantially within the commonwealth.
Id. at 473.
ORDER
The Court finds itself between the mandate of the S.J.C. to decide the “primarily and substantially” issue “after making findings of fact” and the very liberal requirements for notice pleadings at the motion to dismiss stage. It can do nothing but DENY, without prejudice, the defendants’ motion to dismiss the third cause of action in the second amended complaint.